UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DELMAS SEXTON, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11-cv-0029 |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Delmas Sexton, a prisoner confined at the Allen County Jail, filed a complaint in the Allen Circuit Court, alleging that the Indiana Department of Correction ("IDOC") and IDOC employee Sara Robison defamed him by falsely labeling him as "a 'sex offender' contrary to Indiana law" and denied him "his substantive liberty interest in not being falsely labelled (*sic*) a sex offender, protected by the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section twelve of the Indiana Constitution." [DE 1 at 1-2.] Because the complaint contains federal law claims, the defendants removed it to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

Pursuant to 28 U.S.C. § 1915A(a), the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Because Sexton is a prisoner as defined in § 1915A(c) and he is seeking redress from governmental entities and officials, § 1915A requires that the Court screen his complaint even though he originally filed it in state court.

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same

standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In the context of a motion to dismiss for failure to state a claim, the Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, *Bell Atlantic* held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* In *Erickson v. Pardus*, 551 U.S. 89 (2007), the Supreme Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. *Erickson* held that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a), and that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 93-94 (internal citations and quotations omitted). In an effort to reconcile *Twombly* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Sexton alleges that the IDOC and Defendant Robison violated his Fifth and Fourteenth Amendment rights, beginning on May 8, 2001, when they labeled him as sex offender. [DE 1 at 3.] According to the complaint, they continued to label him as a sex offender "during his entire incarceration in [the] IDOC from May 2001 through March 2006." [*Id.*]

Section 1983 claims are considered as personal injury claims for purposes of determining

2

the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Indiana's two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983" *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993). *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (a district court may address the affirmative defense of statute of limitations under Fed. R. Civ. P. 12(b)(6) where "the relevant dates are set forth unambiguously in the complaint"); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (same). Because Sexton signed his complaint on November 3, 2010, events occurring before November 3, 2008 are beyond the statute of limitations.

Sexton seeks damages in the amount of $700,000.00 from each defendant for labeling him as a sex offender, which, he alleges, caused him "extreme embarrassment with family, friends, strangers and relationships; loss of consortium with marriage to one wife, and in multiple relationships; multiple good employment opportunities . . ., reputation in the community . . ., severe mental anguish, depression, loss of appetite, nausea, headaches, [and] physical injury . . . [from people] . . . out to 'kick a child molester's ass.'" [DE 1 at 4-5]. He also alleges that because of his designation as a sex offender, prison officials required him to participate in a rehabilitation program designed for sex offenders.

The complaint establishes that Sexton was aware of this alleged violation of his rights while he was confined within the IDOC from May 8, 2001 through his release from the IDOC on an unspecified date in March 2006. He alleges that while he was committed to the IDOC between 2001 and 2006 "Sexton repeatedly notified the IDOC and Robison this was false and he is not a sex

offender." [DE 1 at 4]. Accordingly, the allegations of his complaint set forth everything necessary to satisfy the affirmative defense, and the statute of limitations expired two years from the date he learned of his sex offender designation and began suffering the effects of that designation. Even if the statute of limitations could be construed as not beginning to run until his release from the IDOC, it would have expired at the end of March 2008, two years and seven months before Sexton signed his complaint in this case. Accordingly, I conclude that Sexton's request for damages on his federal law claims are barred by the statute of limitations.

In addition to damages, the Plaintiff seeks injunctive relief, and seeks to "enjoin the IDOC from continuing its false labelling (*sic*) of Plaintiff as a sex offender." [DE 1 at 7.] He asserts that if he is returned to the Indiana Department of Correction in the future he might again be affected by the IDOC's sex offender designation. He specifically states that he:

> is currently a pretrial detainee in *State v. Sexton* . . . if this [entry in his prisoner] file of [the] IDOC is left to stand as is, and Sexton is recommitted to [the] IDOC, Sexton's life will be in danger due to such false labelling (*sic*). Further, Sexton's First Amendment rights of association (i.e. visitation) will be violated again; his classification will again be affected, and he will be yet again forced to participate in SOMM programs again.

DE 1 at 4.

Thus, Sexton is not under any current disability based on the IDOC's allegedly improper sex offender designation and will not be under any future disability unless he returns to the IDOC. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). The fact that he is currently in jail facing criminal charges suggests that it is possible that Sexton could at some point in the future return to the IDOC. But the mere possibility that this might occur is insufficient to allow the court to consider his injunctive relief claims. The standard to be applied is whether he is "likely" to return to the IDOC. *Higgason v.*

4

*Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (injunctive relief claims of a prisoner who is transferred from one facility to another are moot unless he is likely to be returned to the original facility). Accordingly, I will dismiss Sexton's federal law claims for injunctive relief without prejudice to his right to refile them if he returns to the IDOC and then finds himself under the disabilities he describes in his complaint as a result of being labeled as a sex offender by the IDOC.

For the foregoing reasons, the Court **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), all claims that the Defendants violated the Plaintiff's federally protected rights. The Court **DISMISSES** the Plaintiff's damage claims with prejudice, and **DISMISSES** his injunctive relief claims without prejudice to his right to refile them if he returns to the Indiana Department of Correction and then finds himself under the disabilities he describes in his complaint as a result of being labeled as a sex offender by the IDOC. Finally, the court **REMANDS** the complaint to the Allen Circuit Court for consideration of the Plaintiff's state law claims.

**SO ORDERED.**

ENTERED: February 17, 2011

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT